**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **KEVON LOCTOR,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CLARITY SERVICES, INC.,**<br><br>**Defendant.** | C.A. No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVON LOCTOR ("Plaintiff"), by and through the undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, CLARITY SERVICES, INC. ("Clarity"), and states the following:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against Defendant Clarity for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2. Clarity maintains a consumer file concerning Plaintiff that contains extensive identifying information belonging to one or more other individuals, including another person's name, incorrect dates of birth, incorrect driver's license information, incorrect email addresses, and residential addresses in states where Plaintiff has never lived.

3. The mutually inconsistent information contained within Clarity's own records demonstrates that Clarity failed to employ reasonable procedures to assure the maximum possible accuracy of consumer reports concerning Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

5. This Court also has jurisdiction pursuant to 15 U.S.C. § 1681p, which authorizes an action to enforce liability under the FCRA in any appropriate United States district court without regard to the amount in controversy.

6. Defendant Clarity Services, Inc. is a Delaware corporation and is therefore subject to personal jurisdiction in Delaware.

7. Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## PARTIES

8. Defendant Clarity Services, Inc. ("Clarity") is a Delaware corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.

9. Clarity is a wholly owned subsidiary of Experian and operates as part of Experian's consumer information services business.

10. Clarity may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11. Clarity is a nationwide "Consumer Reporting Agency" ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose

of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Clarity is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

12. On or about August 12, 2026, Plaintiff requested and obtained a copy of his consumer credit disclosure from Clarity, Reference No. 4WMS3C3B (the "Clarity Disclosure").

13. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Clarity was required to make the disclosures required by the FCRA, including clearly and accurately disclosing the sources of the information in Plaintiff's file as required by § 1681g(a)(2).

### Clarity Reports the Identity of "Crystal Severino" in Plaintiff's File

14. Plaintiff's name is Kevon Loctor.

15. Plaintiff has never used, been known by, applied for credit under, or otherwise identified himself by the name Cristal Severino.

16. Plaintiff does not know a person named Cristal Severino whose information should properly appear in Plaintiff's Clarity file.

17. The Clarity Disclosure identifies "CRISTAL SEVERINO" as a name associated with Plaintiff's consumer file.

18. Clarity's Disclosure reflects that the Cristal Severino name was reported in Plaintiff's file.

19. The name Cristal Severino is not a misspelling, abbreviation, formatting variation, or other reasonable variation of Plaintiff's name.

20. The inclusion of the name Cristal Severino in Plaintiff's consumer file is inaccurate.

21. The appearance of an unrelated individual's name in Plaintiff's file indicates that information concerning another consumer was matched to Plaintiff.

22. Clarity Incorrectly Identifies Plaintiff as "KEVON LOCTOR JR"

23. Plaintiff is not a "Jr."

24. Plaintiff does not use, and has not represented his legal name as, Kevon Loctor Jr.

25. Clarity's Disclosure identifies "KEVON LOCTOR JR" as a name associated with Plaintiff's consumer file.

26. The "Jr" designation is not part of Plaintiff's correct name.

27. Clarity's association of Plaintiff with the name Kevon Loctor Jr. is therefore inaccurate.

28. The inaccurate suffix constitutes additional identifying information inconsistent with Plaintiff's actual identity.

**Clarity Reports Seven Incorrect Dates of Birth**

29. Plaintiff has one true and correct date of birth.

30. The Clarity Disclosure nevertheless associates Plaintiff with a total of eight different dates of birth.

31. The additional dates of birth Clarity associates with Plaintiff are inaccurate and do not belong to him.

32. A single consumer cannot simultaneously possess eight different dates of birth.

33. Date of birth is a fundamental identifier used by consumer reporting agencies to distinguish one consumer from another.

34. Reasonable identity matching procedures would have detected that these mutually exclusive dates of birth could not all belong to Plaintiff.

35. The presence of seven incorrect dates of birth in a file concerning a single consumer constitutes a substantial and obvious discrepancy in core identifying information.

**Clarity Reports Numerous Incorrect Driver's Licenses**

36. Plaintiff's correct driver's license is a Texas driver's license ending in 5922.

37. The Clarity Disclosure associates Plaintiff with six separate driver's license records.

38. Only the driver's license ending in 5922 is Plaintiff's correct driver's license.

39. The other driver's license information attributed to Plaintiff is inaccurate and does not belong to him.

40. Clarity's Disclosure associates Plaintiff with driver's license information purportedly issued under identifiers other than Plaintiff's correct Texas driver's license ending in 5922.

41. A driver's license number and issuing state are material identifying information used to distinguish consumers from one another.

42. Reasonable procedures would not have resulted in one consumer being simultaneously associated with numerous inconsistent driver's license identifiers.

43. The presence of multiple conflicting driver's license records, when considered together with seven incorrect dates of birth and the unrelated name Cristal Severino, further demonstrates that information concerning one or more other individuals has been associated with Plaintiff's consumer file.

**Clarity Reports Banking Information That Does Not Belong to Plaintiff**

44. Plaintiff has maintained legitimate banking relationships with Navy Federal Credit Union, JPMorgan Chase Bank with an account ending in 9200, and Truist.

45. Those are Plaintiff's only banking relationships relevant to the banking information reflected in the Clarity Disclosure.

46. The Clarity Disclosure associates Plaintiff with additional banking information and bank accounts that do not belong to him.

47. Among other things, Clarity's Disclosure associates Plaintiff with a RadiFi Federal Credit Union account.

48. Plaintiff has not identified RadiFi Federal Credit Union as one of his banking institutions.

49. The Clarity Disclosure also contains JPMorgan Chase banking information other than Plaintiff's confirmed Chase account ending in 9200.

50. Such additional banking information does not belong to Plaintiff.

51. Bank name, routing information, and account information are material financial identifiers that can be used to distinguish one consumer from another.

52. Reasonable procedures designed to assure maximum possible accuracy would have required Clarity to employ adequate matching procedures before associating unrelated banking information with Plaintiff.

53. The presence of banking information that does not belong to Plaintiff provides additional evidence that information concerning one or more other consumers has been associated with Plaintiff's file.

**Clarity Reports Materially Conflicting Pay Frequency Information**

54. Plaintiff is paid bi-weekly.

55. Plaintiff's actual pay frequency is not monthly, weekly, or semi-monthly.

56. The Clarity Disclosure associates Plaintiff with numerous materially conflicting pay-frequency entries.

57. In addition to bi-weekly entries, the Disclosure includes entries reflecting monthly, weekly, semi-monthly, and other inconsistent pay frequency descriptions.

58. Those non-bi-weekly pay frequency entries are inaccurate as to Plaintiff.

59. A consumer cannot simultaneously be paid under all of the materially conflicting frequencies Clarity associates with Plaintiff.

60. Pay frequency is material financial and employment information used in connection with consumer credit and lending transactions.

61. Reasonable procedures would have detected the mutually inconsistent nature of the pay-frequency information associated with Plaintiff.

62. The conflicting pay-frequency information further demonstrates that Clarity's file contains information that does not accurately concern Plaintiff.

**Clarity's File Contains Mutually Inconsistent Core Identifiers**

63. The inaccuracies described above are not isolated typographical errors.

64. Clarity's own file simultaneously associates Plaintiff with the unrelated identity Cristal Severino, the incorrect name Kevon Loctor Jr, seven incorrect dates of birth, numerous incorrect driver's license identifiers, banking information that does not belong to Plaintiff, and multiple incorrect pay frequency entries.

65. Names, dates of birth, driver's license numbers, issuing states, bank account information, and employment and income information are important identifying and consumer information.

66. Consumer reporting agencies use identifying information to distinguish one consumer from another and to determine whether information received from a lender, creditor, or other source belongs in a particular consumer's file.

67. The sheer volume and nature of the conflicting information contained in Plaintiff's file demonstrates that Clarity's matching procedures were insufficient to distinguish Plaintiff from one or more unrelated consumers.

68. No reasonable procedure designed to assure maximum possible accuracy should conclude that the materially inconsistent information described herein all concerns the same individual.

69. Clarity's own records therefore reveal substantial defects in the procedures it used to match information to Plaintiff.

**<u>Clarity's Tracking Information Further Demonstrates the Mixed-File Problem</u>**

70. Clarity's Disclosure explains that the “Tracking #” associated with information in the report allows information originating from the same inquiry to be associated together.

71. According to Clarity, when the same tracking number appears with a name, date of birth, driver's license, address, banking information, income information, or other identifying information, those data elements originated from the same inquiry.

72. Accordingly, Clarity possessed the ability to determine which inquiry or application supplied particular identifying information.

73. Clarity's own Disclosure associates materially inaccurate identifying and financial information with specific inquiry events.

74. Thus, Clarity's own data contained discrepancies demonstrating that particular applications or inquiries involved information materially inconsistent with Plaintiff's actual identity and financial information.

75. Clarity associated that information with Plaintiff.

76. Upon information and belief, Clarity prepared and/or furnished consumer reports or consumer report information concerning Plaintiff to third parties in connection with one or more inquiries reflected in Plaintiff's file.

77. Upon information and belief, one or more such reports contained or were generated from the materially inaccurate and mixed identifying information described herein.

**Clarity Failed to Employ Reasonable Procedures to Assure Maximum Possible Accuracy**

78. The FCRA requires a consumer reporting agency, whenever it prepares a consumer report, to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

79. The multiple mutually exclusive identifiers and financial information in Plaintiff's Clarity file demonstrate that Clarity failed to employ reasonable procedures for matching consumer information.

80. Clarity had numerous opportunities to identify the mismatch.

81. For example, the information purportedly concerning Plaintiff reflected an unrelated individual's name, an incorrect suffix attached to Plaintiff's name, eight different dates of birth, multiple driver's license identifiers, banking information inconsistent with Plaintiff's actual accounts, and mutually inconsistent pay frequencies.

82. These discrepancies involved precisely the type of personal identifying and financial information capable of distinguishing one individual from another.

83. Reasonable matching procedures would have prevented information concerning Cristal Severino and other unrelated individuals from being associated with Plaintiff.

84. Reasonable matching procedures would likewise have prevented information using false dates of birth, false driver's license identifiers, unrelated banking information, and materially inaccurate pay frequency information from being incorporated into Plaintiff's consumer file.

85. Clarity's failure to employ reasonable procedures created an unreasonable risk that information belonging to another consumer would be attributed to Plaintiff.

86. Clarity's failure also created an unreasonable risk that Plaintiff's own consumer information would be furnished in response to an application or inquiry concerning an unrelated individual.

**<u>Clarity Failed to Clearly Disclose the Sources of the Inaccurate Identifying Information</u>**

87. Upon Plaintiff's request for his consumer disclosure, Clarity was required under the FCRA to make the disclosures required by 15 U.S.C. § 1681g(a), including the source information required by § 1681g(a)(2).

88. The Clarity Disclosure revealed that Plaintiff's consumer file contained materially inaccurate and conflicting information, including the unrelated name Cristal Severino, the incorrect Kevon Loctor Jr name, seven incorrect dates of birth, numerous incorrect driver's license identifiers, banking information that does not belong to Plaintiff, and incorrect pay frequency information.

89. Although Clarity disclosed this materially conflicting information, it did not clearly and accurately identify the source or sources from which the inaccurate information originated.

90. Clarity's Disclosure therefore did not enable Plaintiff to determine the source responsible for supplying the inaccurate information or how information belonging to one or more unrelated individuals became associated with Plaintiff's consumer file.

91. The absence of clear source information materially impaired Plaintiff's ability to understand the origin of the inaccurate information contained in his file and to identify the person or entity responsible for supplying that information.

92. Clarity maintained information sufficient to associate identifying information with particular inquiries through the tracking numbers contained in its own records, yet failed to clearly disclose the source or sources of the inaccurate information associated with Plaintiff.

## Plaintiff's Injuries

93. Clarity's inaccurate reporting caused Plaintiff a concrete and particularized injury.

94. Plaintiff was forced to review a lengthy consumer disclosure and determine which portions of the personal identifying information attributed to him were false.

95. Plaintiff was required to expend additional time and effort identifying the extent of the inaccurate information in his consumer file.

96. Plaintiff experienced frustration, concern, aggravation, and inconvenience upon learning that Clarity maintained another person's name and numerous other false identifiers in a file purporting to concern Plaintiff.

97. Plaintiff has legitimate concern regarding how his personal information has been matched, maintained, and furnished by Clarity, particularly because Clarity's file associates his identity with inquiries involving information that does not belong to him.

98. Plaintiff has hired the undersigned counsel to represent him in this matter and has assigned to the undersigned counsel the right to obtain reimbursement for his reasonable fees and costs.

## COUNT I

## CLARITY WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

99. Plaintiff adopts and incorporates paragraphs 1 through 98 above, as if fully stated herein.

100. Pursuant to 15 U.S.C. § 1681e(b), whenever Clarity prepares a consumer report it is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

101. Clarity violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of consumer reports concerning Plaintiff.

102. Specifically, Clarity associated Plaintiff with an unrelated individual's name, an incorrect suffix, seven incorrect dates of birth, numerous incorrect driver's license identifiers, banking information that does not belong to Plaintiff, and materially conflicting pay frequency information.

103. Clarity's own records contained obvious and irreconcilable identifying and financial discrepancies sufficient to alert a reasonable consumer reporting agency that the information did not all concern Plaintiff.

104. Clarity maintained the inaccurate information and, upon information and belief, used that information when preparing and furnishing consumer reports concerning Plaintiff.

105. Clarity acted knowingly or recklessly because its procedures permitted information containing materially inconsistent core identifiers and financial information to be associated with the same consumer despite an obvious and substantial risk that the information concerned different individuals.

106. Clarity knew, or recklessly disregarded, that inadequate identity-matching procedures could produce mixed consumer files and inaccurate consumer reports.

107. Clarity is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681n for actual or statutory damages as permitted by law, punitive damages, costs, and reasonable attorney's fees.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment against Defendant Clarity, awarding Plaintiff the following relief:

a. Plaintiff's actual damages or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other relief this Court deems just and proper.

## COUNT II

## CLARITY NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

108. Plaintiff adopts and incorporates paragraphs 1 through 98 above, as if fully stated herein.

109. Plaintiff pleads this Count in the alternative to Count I, to the extent Clarity's noncompliance is determined not to have been willful.

110. Clarity had a legal duty pursuant to 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure the maximum possible accuracy of consumer reports concerning Plaintiff.

111. Clarity breached this duty by employing inadequate procedures for matching identifying and financial information to Plaintiff's consumer file.

112. As a result of those inadequate procedures, Clarity associated Plaintiff with an unrelated name, an incorrect suffix, incorrect dates of birth, incorrect driver's license information, unrelated banking information, and inaccurate pay frequency information.

113. A consumer reporting agency exercising reasonable care would not have associated a single consumer with the volume of mutually inconsistent information contained in Plaintiff's file.

114. Clarity's failure to employ reasonable procedures resulted in inaccurate and materially misleading information being maintained and, upon information and belief, furnished concerning Plaintiff.

115. Clarity's violation proximately caused actual damages to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment against Defendant Clarity, awarding Plaintiff the following relief:

a. Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief this Court deems just and proper.

**COUNT III**

**CLARITY WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)**

116. Plaintiff adopts and incorporates paragraphs 1 through 98 above, as if fully stated herein.

117. Pursuant to 15 U.S.C. § 1681g(a)(2), upon Plaintiff's request for his consumer disclosure, Clarity was required to clearly and accurately disclose the sources of the information contained in Plaintiff's consumer file as required by the FCRA.

118. Clarity violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose the source or sources of the materially inaccurate and conflicting information contained in Plaintiff's file.

119. Specifically, Clarity's Disclosure associated Plaintiff with the unrelated name Cristal Severino, the incorrect Kevon Loctor Jr name, seven incorrect dates of birth, numerous

incorrect driver's license identifiers, banking information that does not belong to Plaintiff, and materially conflicting pay frequency information, without clearly disclosing the source or sources from which that inaccurate information originated.

120. As a result, Plaintiff was unable to determine from the Clarity Disclosure how the identifying and financial information of one or more unrelated individuals became associated with his consumer file or the source responsible for supplying that information.

121. The failure to clearly disclose the source or sources of the inaccurate information materially impaired Plaintiff's ability to understand his consumer file, determine the origin of the inaccurate information, and take appropriate steps to address the mixed and inaccurate information Clarity associated with his identity.

122. Clarity acted knowingly or recklessly because it maintained and disclosed materially conflicting information concerning Plaintiff while failing to clearly and accurately identify the source or sources of that information as required by 15 U.S.C. § 1681g(a)(2).

123. Clarity is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681n for actual or statutory damages as permitted by law, punitive damages, costs, and reasonable attorney's fees.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment against Defendant Clarity, awarding Plaintiff the following relief:

a. Plaintiff's actual damages or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other relief this Court deems just and proper.

## COUNT IV

## CLARITY NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)

124. Plaintiff adopts and incorporates paragraphs 1 through 98 above, as if fully stated herein.

125. Plaintiff pleads this Count in the alternative to Count III, to the extent Clarity's noncompliance is determined not to have been willful.

126. Pursuant to 15 U.S.C. § 1681g(a)(2), Clarity had a legal duty, upon Plaintiff's request for his consumer disclosure, to clearly and accurately disclose the sources of the information contained in Plaintiff's consumer file as required by the FCRA.

127. Clarity breached this duty by failing to clearly and accurately disclose the source or sources from which the materially inaccurate and conflicting information contained in Plaintiff's file originated.

128. Specifically, Clarity failed to clearly disclose the source or sources upon which it relied in associating Plaintiff with the unrelated name Cristal Severino, the incorrect Kevon Loctor Jr name, seven incorrect dates of birth, numerous incorrect driver's license identifiers, unrelated banking information, and inaccurate pay-frequency information.

129. As a result of Clarity's failure to clearly disclose the sources of this information, Plaintiff was unable to determine from his consumer disclosure how information belonging to one or more unrelated individuals became associated with his file or the source responsible for supplying that information.

130. Clarity's violation proximately caused actual damages to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment against Defendant Clarity, awarding Plaintiff the following relief:

a. Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated this 17th day of September 2026.

Respectfully submitted,

*/s/ Antranig Garibian*
Antranig Garibian, Esquire (DE BAR 4962)
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE 19803
Tel: (302) 722-6885
*Attorneys for Plaintiff*